Sawtelle *v.* Rollins.

SALMON G. SAWTELLE *versus* FRANKLIN ROLLINS.

A bankrupt can, after his bankruptcy, maintain in his own name, a suit for a wrong done, brought before he was declared a bankrupt, unless his assignee should interpose an objection.

And if there has been an equitable assignment of the cause of action before the bankruptcy, the suit may be prosecuted afterwards in the name of the bankrupt, for the benefit of the party in interest.

Where trespass or trover can be maintained for the unlawful conversion of goods, replevin will also lie.

THIS case came before the Court on exceptions, on the part of the defendant, to the ruling of TENNEY J. presiding at the trial, permitting the action to proceed in the name of the plaintiff on the record, after he had been decreed to be a bankrupt, and an assignee had been appointed.

The facts and grounds of defence appear in the opinion of the Court.

*M' Crillis* argued for the defendant, and cited 1 Chitty's Pl. (7th Ed.) 24, 25, 80, 81 ; 7 Taunt. 59 ; Eden on Bankr. 346, 347 ; 15 East, 627 ; 2 Johns. R. 342.

*J. Appleton* argued for the plaintiff, and cited 15 Mass. R. 485; 12 Johns. R. 346; 3 Price, 214; 1 T. R. 463; 3 B. & P. 40; 10 Pick. 166; 2 Root, 52; 3 T. R. 438; Cooper on Bankr. 394; 2 Wils. 372; 7 T. R. 391; 1 Tidd's Pr. 175; 8 Taunt. 742.

The opinion of the Court was drawn up by

TENNEY J. — This is an action of replevin commenced in April, 1839, and the property, after it was taken by the officer on the replevin writ, was delivered by the plaintiff to his surety on the replevin bond, as his security. Since that time, the plaintiff has been decreed a bankrupt, and an assignee appointed, who has taken upon himself the trust; but it did not appear, that any certificate of discharge had been obtained. The assignee being in Court, when the action came on for trial, would not recognize or prosecute it, but the surety on the bond, on request of counsel, was permitted to proceed therein, against the objection of the defendant, though none was made by the plaintiff or the assignee.

It is contended for the defendant, that the plaintiff being in bankruptcy, the action can be prosecuted farther, only in the name of the assignee, and as he would take no control thereof, and the parties remaining as they were, it must abate. By the bankrupt act of 1841, § 3, "all suits in law or in equity, then pending, in which such bankrupt is a party, may be prosecuted and defended by such assignee to its final conclusion, in the same way and with the same effect, as they might have been by such bankrupt." And assignees are vested with all the rights, titles, powers and authorities to sell, manage and dispose of all the property of the bankrupt, and to sue for and defend the same, subject to all the orders and directions of the Court, as fully to all intents and purposes, as if the same were vested in, or might be exercised by such bankrupt, before or at the time of his bankruptcy. The property in dispute is claimed as having belonged to the plaintiff, and to have been taken by the defendant as a wrongdoer, and is for that kind of injury to the bankrupt, when the right to obtain satisfaction,

and cause of action pass to the assignee. It was his privilege, certainly with the assent of the surety on the bond, to have assumed the prosecution of the action for the benefit of the creditors. 1 Chitty's Pl. 59 and 60 ; and from authority we are satisfied that it could have been done by him in the name of the plaintiff. *Kretchman* v. *Beyer in error*, 1 T. R. 463 ; *Waugh* v. *Austin*, 3 T. R. 438 ; *Kitchen* v. *Bartsch*, 7 East, 64 ; 1 Chitty's Pl. 15. Several cases have been cited for the defendant, and relied upon, in support of the positions taken for him. But on examination, they are distinguishable from the one at bar ; in them the assignee had either interposed to prevent the prosecution by the plaintiff, or had not declined to assume the control of the subject matter of them. In this, the assignee did not, in the exercise of the discretion which he possessed, recognize the suit or the claim, therein embraced, although notified that such a claim had been made, and of the institution and pendency of the action thereon.

This omission of the assignee could not avail the defendant ; it made him none the less liable ; and if the suit should proceed against him, it took from him no rights, which before existed. He could not be subject to any suit in the name of the assignee, after a recovery in the present. This objection is matter of form, and does not affect the merits of the case ; and if suffered to prevail, it gives to the defendant property, to which by the verdict he had no claim ; and damages for the detention by the real owner ; and costs in an action, which was rightfully commenced. Nothing but a strong and rigid rule of law should be permitted to lead to such consequences. We are satisfied, that the bankrupt can maintain in his own name, a suit brought by him, for a wrong done, before the bankruptcy, unless the assignee should interpose an objection. In *Fowler* v. *Down*, 1 Bos. & Pul. 44, HEATH J. says, " an uncertificated bankrupt has a defeasible property, which none but the assignees can defeat." *Webb* v. *Fox* & *al.* 7 T. R. 392, was an action of trover for goods, and the defendants pleaded the bankruptcy of the plaintiff before the alleged conversion, to which the plaintiff replied, that he was lawfully

possessed of said goods, and so continued till the defendants took them; the defendants rejoined, that the plaintiff had not obtained his certificate, and to this rejoinder, there was a demurrer, and the action was maintained. Lord Kenyon said, "The plaintiff is possessed of these goods, and *prima facie,* the possessor of personal property is the owner of it. Therefore on principle, and without adverting to the authorities alluded to, I am of the opinion, that no body has a right to take this property from the bankrupt, but those who regularly claim under the commission. With regard to the authorities, I should not rely on the authorities decided before me at *nisi prius,* but those cases have been since recognized in the late case of the Court of Common Pleas, and I subscribe to the opinion given by that Court, that the bankrupt has a right to these goods against the defendants, who are wrongdoers. Convenience and sound policy also require a similar decision. If the plaintiff had brought an action of trespass instead of trover, his possession would have entitled him to recover against a wrongdoer; and the form of the action cannot alter the law." Ashhurst J. in the same case remarks, "I take the general rule to be, that a bankrupt has a right against all persons but the assignees." In *Clark* v. *Calvert,* 8 Taunt. 742, the Court review the authorities, and treat the question as being settled, that the bankrupt can maintain an action for property taken wrongfully from him, unless the assignees interpose an objection; and that he may sue as their trustee. The cases referred to, in support of the doctrine contended for by the plaintiffs' counsel, were not replevin, but it is well settled that where trespass or trover can be maintained for the unlawful conversion of goods, replevin will also lie. 6 Com. Dig. Replevin, A.; *Shannon* v. *Shannon,* 1 Schoales & Lefroy, 337; *Pangburn* v. *Partridge,* 7 Johns. R. 140.

There can be no reason against the prosecution of an action commenced before the decree of the plaintiff's bankruptcy, in his name, if one brought subsequently thereto by him can be maintained. It would be absurd, that the former should abate

while the latter can be sustained. This action then, as it respects the parties of record thereto, is unaffected by the decree.

The suit however is prosecuted by the surety on the replevin bond, and it is insisted for the defendant, that this cannot legally be done; that a chose in action is not legally assignable. A chose in action cannot be assigned, but Courts of law always favor the party, who has an equitable interest. They notice a trust and see who is beneficially interested. And the assignor of a chose in action, who has become a bankrupt, may sue the debtor for the benefit of the assignee. *Winch* v. *Keeley,* 1 T. R. 619.

The basis of this suit is not a chose in action, but one, which equally demands the protection of the Court. The property was equitably pledged to the surety on the replevin bond, in consideration of the liability which he assumed for the plaintiff; though not in writing, yet the delivery of the property replevied to the surety, and the agreement between him and the principal, vested a right in the former, which nothing but a surrender could defeat in favor of the latter. This agreement stands uncancelled, and it is not in the power of the defendant to annul it. If the plaintiff should obtain his certificate of discharge, the surety alone must be responsible on the bond. It would be a reproach upon the law, if the defendant, who detained the property wrongfully, should be permitted to regain the possession thereof and to throw the expense of the suit upon the surety, who took measures which were then effectual for his security.

The evidence offered of the declarations of E. A. Glidden, while he had the horse in his possession, were clearly inadmissible; and the exceptions taken to the rejection thereof by the presiding Judge, do not seem to be relied upon in argument.

*Exceptions overruled.*